## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRYANT Z. DAVIS, #204-808,        *
             Petitioner

                    *

v.                        CIVIL ACTION NO. RWT-05-1091

                    *

JON P. GALLEY,

             Respondent      *

                 *******

### <u>MEMORANDUM OPINION</u>

Petitioner Bryant Z. Davis, an inmate confined at the Western Correctional Institution, filed the instant 28 U.S.C. § 2241 application for habeas corpus relief on April 21, 2005, contending that he is held illegally because the DOC has erred in calculating his sentences and awarding him diminution of confinement credits. (Paper No. 1). Respondent has filed an Answer to which Petitioner has replied. (Paper Nos. 13 and 14).[1] No oral argument is necessary because the parties have fully briefed the issues. <u>See</u> Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

Under <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, Petitioner must exhaust each claim presented to the federal court through remedies available in state court. <u>See</u> <u>also</u>, <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 490-91 (1973). A prisoner challenging the way the DOC is calculating his release date has two possible avenues for relief in the state courts.

### 1. Administrative Proceedings

Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

---

[1] Petitioner has filed a Motion for Default, Motion for Appearance and Motion for Subpoena. (Paper Nos. 9, 10, and 11). The Motions shall be denied.

1.      Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the warden of the institution where he is confined;

2.      Appealing a denial of the request by the warden to the Commissioner;

3.      Filing a complaint with the Inmate Grievance Office, ("IGO");

4.      Appealing a final decision of the IGO to the Circuit Court;

5.      Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6.      <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.


## 2.  Habeas Corpus Proceedings

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the

state courts by:

1.      Filing a petition for writ of habeas corpus in a Circuit Court;[2]

2.      Appealing a decision by the Circuit Court to the Court of Special Appeals;[3] and

3.      Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner has not attempted to utilize either of these procedures. (Paper No. 1, 5, 13, and 14).

Accordingly, a separate Order will be entered dismissing this action without prejudice for failure to exhaust

available state court remedies.[4]


____8/25/05_____                            _____/s/_____
Date                                           ROGER W. TITUS
                                               UNITED STATES DISTRICT JUDGE

---

[2]In <u>Maryland House of Correction v. Fields</u>, 348 Md. 245, 261 (1997), the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies.  It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[3]Although at one time this Court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, <u>see</u> <u>Chavis v. Smith</u>, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits.  <u>See</u> <u>Frost v. State</u>, 336 Md. 125, 132 n.5 (1994); <u>Merritt v. Corcoran</u>, 105 Md. App. 109, 111 (1995).

[4]The undersigned is not expressing an opinion whether Petitioner has stated a cognizable constitutional claim.